Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANNALISA CONNELLY, | ) | CASE NO. |
| | ) | |
| | ) | |
| | ) | COMPLAINT FOR DAMAGES AND OTHER |
| | ) | RELIEF BASED UPON DISABILITY |
| Plaintiff, | ) | DISCRIMINATION, FAILURE TO |
| | ) | ACCOMMODATE AND RETAILIATION IN |
| vs. | ) | VIOLATION OF THE AMERICANS WITH |
| | ) | DISABILITIES ACT |
| | ) | |
| UNITED HEALTH SERVICES, INC., a | ) | |
| Delaware Corporation; UHS OF DELAWARE, | ) | JURY DEMAND |
| INC., a Delaware Corporation; VALLEY | ) | |
| HEALTH SYSTEM LLC; a Delaware Limited | ) | |
| Liability Company, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff ANNALISA CONNELLY ("Plaintiff" or "Connelly") alleges as follows:

1.      This action is brought pursuant to the Americans with Disabilities Act of 1990, *42 U.S.C. § 12101, et seq.* (hereinafter "ADA").

2.      Jurisdiction is predicated under these code sections as well as *28 U.S.C. § 1331,* as this action involves a federal question.

3.      At all relevant times, UNITED HEALTH SERVICES, INC., a Delaware Corporation; UHS OF DELAWARE, INC., a Delaware Corporation; and VALLEY HEALTH SYSTEM LLC dba Centennial Hills Hospital and Spring Valley Hospital (hereinafter collectively "Defendants" or individually "Defendant Centennial Hills Hospital", "Defendant Spring Valley Hospital", "Centennial Hills Hospital" or "Spring Valley Hospital") employed 15 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year, and are therefore subject to the provisions of the ADA.

4.      The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

5.      Plaintiff, Connelly, is a citizen of the United States and at all relevant times herein was a resident of the State of Nevada, County of Clark and City of Las Vegas.

6.      Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Connelly was either employed in Las Vegas, Nevada by Defendant Centennial Hills Hospital or seeking employment with Defendant Spring Valley Hospital.

## EXHAUSTION OF REMEDIES

7.      Plaintiff timely filed a "Charges of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued Notices of Right to Sue by the EEOC on July 1, 2016, copies of which are attached collectively to the Complaint as Exhibit "A".

## STATEMENT OF FACTS

8.      On or about March 16, 2015, Plaintiff was hired by Defendant Centennial Hills Hospital in the position of Operating Room Nurse III.

9.      Connelly was in the same position of Operating Room Nurse III until her discharge on or about September 25, 2015.

10.     On August 19, 2015 Plaintiff got approval from management to leave work early due to her medical condition.

11.     Thereafter she saw Dr. Heather Ta, PA-C who on August 25, 2015 diagnosed Plaintiff with chronic fatigue due to severe iron deficiency anemia secondary to menorrhagia and uncontrolled hypothyroidism.  According to Dr. Ta, Plaintiff's medical conditions began on about August 13, 2015 and would last about six months.

12.     On August 25, 2015 Dr. Ta submitted a medical note stating that because of Plaintiff's medical conditions she should reduce her work schedule to part time which a later accommodation request stated should be no more than three or four eight hour shifts per week with no on call hours.

13.     On August 27, 2015 Dr. Ta submitted another medical note stating that due to urgent testing and treatment for her medical condition that Connelly should be excused from work from August 24th through August 28th.

14.     On September 2, 2015 Dr. Ta extended Plaintiff's leave of absence until September 8, 2015 when she was allowed to return to work on a part time basis working no more than the hours set forth above.

15.     To try to accommodate the reduced work schedule recommended by her doctor, Connelly applied for a per diem position as an Operating Room Nurse III.

16.     On September 9, 2015 Plaintiff was placed on a personal leave of absence by Tisa Gutierrez, HR Generalist for Centennial Hills Hospital through September 20, 2015.

17.     Connelly never requested this personal leave of absence and she reported to Centennial Hills Hospital to turn in her return to work paperwork and to discuss a request for reasonable accommodations on the reduced work schedule Dr. Ta recommended, however Ms. Gutierrez informed Plaintiff that she could not approve her return to work date on a reduced schedule without approval from Human Resources Director Gina Lewis.

18.     On September 23, 2015 Ms. Lewis sent Connelly a letter that said unless she was

released back to work without restrictions on September 25, 2015 that she would be deemed to have voluntarily resigned her employment with Defendant Centennial Hills Hospital because no further leave of absence/accommodations would be granted.

19.     On September 24, 2015 Sedgwick Absence Management Service Center sent an email to Ms. Gutierrez requesting that Plaintiff be accommodated with the following restrictions: 8 hour shifts 3-4 days per week from 9/28/2015 through 3/28/2016.

20.     Finally Connelly received an email from Alfreda Graham, RN, BSN, Employee Health Nurse on September 25, 2015 stating that, "I cannot provide any further clearance unless she brings another note from her physician stating she can return to full duty with no restrictions."

21.     On September 25, 2015 Plaintiff's employment with Centennial Hills Hospital was terminated but she was informed that she was eligible for rehire.

22.     Thereafter Plaintiff put an application for employment in with Spring Valley Hospital, a sister property of Centennial Hills Hospital.

23.     On November 12, 2015, Connelly was interviewed for the position of Intensive Care Unit Nurse by Spring Valley Hospital's hiring manager Monica Koder.

24.     Plaintiff's interview with Ms. Koder went well because she walked Connelly around the Intensive Care Unit floor and introduced her to staff

25.     After the meeting with staff, Plaintiff went to Human Resources to fill-out and complete additional paperwork as part of the hiring process.  Human Resources Specialist Nita Matthews then informed Connelly that she would be calling Centennial Hills Hospital for a reference.

26.     Plaintiff did not hear back from Ms. Matthews for three days.  When Connelly tried to follow-up with Ms. Koder and Ms. Matthews to see the status of her application, she did not get any response.

27.     Finally on or about November 17, 2015 Ms. Matthews contacted Connelly and informed her that they were no longer considering her for employment.

### FIRST CAUSE OF ACTION

**(For Disability Discrimination, Failure to Accommodate and**

**Retaliation in Violation of the ADA against Centennial Hills Hospital)**

28.     Plaintiff Connelly incorporates the allegations set forth in paragraphs 1 through 27, inclusive, as if fully set forth herein.

29.     As set forth above, Plaintiff was diagnosed with chronic fatigue due to severe iron deficiency anemia secondary to menorrhagia and uncontrolled hypothyroidism which substantially limited her in the major life activity of sleeping and working, among other major life activities, and thus qualified Connelly as disabled under the ADA.

30.     To accommodate these disabilities Plaintiff, her doctor and Sedgwick Absence Management Service Center, requested accommodations of putting Connelly on a part time schedule of no more than three or four eight hour shifts per week with no on call hours.

31.     Defendant Centennial Hills Hospital refused to reasonably accommodate these request and instead terminated Plaintiff on September 25, 2015.

32.     This violated the ADA because this was a reasonable request for accommodations and would not have put an undue burden on Defendant Centennial Hills Hospital had they reasonably accommodated the request.

33.     In addition Connelly applied for a per diem position as an Operating Room Nurse III which would have also accommodated Plaintiff's restrictions because she could have limited the shifts she worked per diem but Defendant Centennial Hills Hospital refused to hire Connelly for a per diem position.

34.     Finally Defendant Centennial Hills Hospital retaliated against Plaintiff by making false statements about her job performance while at Centennial Hills Hospital when Spring Valley Hospital made a pre-employment inquiry about Connelly when Plaintiff applied for the position of Intensive Care Unit Nurse with Spring Valley Hospital.

35.     As a direct, foreseeable, and legal result of the Defendant Centennial Hills

Hospital's disability discrimination, failure to accommodate Plaintiff's disability and retaliation, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

36.     As a further direct, foreseeable, and legal result of the Defendant Centennial Hills Hospital's disability discrimination, failure to accommodate and retaliation, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

37.     In acting as they did, Defendant Centennial Hills Hospital knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

38.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

39.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

**SECOND CAUSE OF ACTION**

**(For Retaliation in Violation of the**

**ADA against Spring Valley Hospital)**

40.     Plaintiff Connelly incorporates the allegations set forth in paragraphs 1 through 39, inclusive, as if fully set forth herein.

41.     As set forth above, on November 12, 2015 Connelly interviewed with Spring Valley Hospital for the position of Intensive Care Unit Nurse.

42.     The interview went well as Plaintiff was walked around the Intensive Care Unit floor by hiring manager Monica Koder, introduced to staff and went to Human Resources to fill-out and complete additional paperwork as part of the hiring process.

43.     Unfortunately Plaintiff was not hired by Spring Valley Hospital because of an unfavorable reference given to them by Centennial Hills Hospital when a pre-employment inquiry was made to them.

44.     This failure to hire Connelly by Spring Valley Hospital was retaliatory in nature and in violation of the ADA because it resulted from Plaintiff's request to be reasonably accommodated for her disabilities by Centennial Hills Hospital.

45.     As a direct, foreseeable, and legal result of the Defendant Spring Valley Hospital's retaliation, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

46.     As a further direct, foreseeable, and legal result of the Defendant Spring Valley retaliation, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

47.     In acting as they did, Defendant Spring Valley Hospital knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

48.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

49.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of

her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Connelly demands judgment against Defendants Centennial Hills Hospital and Spring Valley Hospital as follows:

1.      Declaring that the acts and practices complained of here are a violation of the ADA;

2.      Enjoining and permanently restraining the violations by Defendants of the ADA;

3.      For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4.      For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

5.      For punitive damages;

6.      For attorney's fees and costs in an amount determined by the court to be reasonable;

7.      For pre-judgment interest on all damages; and

8.      For any other and further relief that the Court considers proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.


DATED:__9/23/2016____                    LAW OFFICES OF MICHAEL P. BALABAN


BY: /s/ Michael P. Balaban_____
       Michael P. Balaban
       LAW OFFICES OF MICHAEL P. BALABAN
       10726 Del Rudini Street
       Las Vegas, NV  89141

8

# EXHIBIT A

# "Notices of Right to Sue"

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Annalisa Connelly
7141 Savory St.
Las Vegas, NV 89131

From: Los Angeles District Office
255 E. Temple St. 4th Floor
Los Angeles, CA 90012

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(e))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | Karrie L. Maeda, | |
| 34B-2016-00236 | State & Local Coordinator | (213) 894-1100 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Rosa M. Viramontes,
District Director

July 1, 2016
*(Date Mailed)*

Enclosures(s)

cc: Carolyn M. Clark
Paralegal
UHS OF DELAWARE
A Subsidiary of Univeral Health Services
110 Westwood Place, Suite 100
Brentwood, TN 37027

Michael P. Balaban, Esq.
LAW OFFICES OF MICHAEL P. BALABAN A LAW
OFFICE CORP.
10726 Del Rudini St.
Las Vegas, NV 89141

EEOC Form 161-B (11/69)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  Annalisa Connelly
7141 Savory St.
Las Vegas, NV 89131

From:  Los Angeles District Office
255 E. Temple St. 4th Floor
Los Angeles, CA 90012

☐  *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No | EEOC Representative | Telephone No. |
|---|---|---|
| | Karrie L. Maeda, | |
| 34B-2016-00414 | State & Local Coordinator | (213) 894-1100 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

July 1, 2016

Enclosures(s)

Rosa M. Viramontes,
District Director

*(Date Mailed)*

cc:  Carolyn M. Clark
Paralegal
UHS OF DELAWARE
110 Westwood Place Suite 100
Brentwood, TN 37027

Michael P. Balaban
LAW OFFICES OF MICHAEL P. BALABAN
10728 Del Rudini Street
Las Vegas, NV 89141

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  Annalisa Connelly
7141 Savory Street
Las Vegas, NV 89131

From:  Los Angeles District Office
255 E. Temple St. 4th Floor
Los Angeles, CA 90012

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | Karrie L. Maeda, | |
| 34B-2016-00379 | State & Local Coordinator | (213) 894-1100 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]  More than 180 days have passed since the filing of this charge.

[X]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

July 1, 2016

Enclosures(s)

Rosa M. Viramontes,
District Director

*(Date Mailed)*

cc:  Carolyn M. Clark
Paralegal
UHS OF DELAWARE, INC. SUBSIDIARY OF UNITED HEALTH SERVICES
110 Westwood Place, Suite 100
Brentwood, TN 37027

Michael P. Balaban
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV 89141